Richard S. Heller, J.
On September 9, 3956, claimant was driving her car on Route 5 and 20 in the Village of Waterloo, Seneca County, New York. As she proceeded easterly at approximately 4:30 p.m., the road was dry, the weather clear, and her speed was a modest 20 to 25 miles per hour.
The highway, which was a State road, was 30 feet wide but the southerly edge was bounded by an excavation caused by the contractor in rebuilding the highway. This excavation ran for *772 more than a mile and varied in depth. At the approximate spot complained of by the claimant the excavation was about 12 inches.
A large warning sign at the beginning of the construction was supplemented by smaller signs at each intersection warning of the excavation which was visible to the traveling public in daylight and rimmed by flares at night. The claimant knew of the excavation as she drove along the highway.
On this Sunday afternoon claimant was returning to her home in Syracuse. A speeding car driven westerly by one Joseph Holland crossed over to the south lane of Eoute 5 and 20 and collided with the car driven by claimant. Claimant contends that the State’s failure to provide a shoulder for emergency use constituted negligence which was a proximate cause of this accident.
Claimant herein asserts that the State has a duty to find her a haven from which she cannot be harmed except by her own negligence. It is well established that the State is not the insurer of the complete safety of its highways under all conditions. Each incident alleging failure of duty must be judged on the merits.
Traffic is often maintained when highways are being repaired. Precautions must be taken to warn the traveling public and to provide a road suitable for a safe passage by a reasonably prudent driver. If the State meets these requirements it can not be held liable for an accident caused to an innocent party by the gross negligence of another who fails to observe warning-signs, speed laws, or the rules of the road.
Testimony was given that the methods of protection used were in accordance with good engineering practices. The only alternatives would be to detour traffic, which certainly would not prevent some other driver from running into claimant, or to erect a barricade. Had the State erected a barricade to prevent claimant from going into the excavation that precaution would not have prevented this accident yet it would have denied her the right to leave the highway in an emergency.
The court finds that the sole proximate cause of the accident was the negligence of Joseph Holland.
The motion made by the Attorney-General at the close of the case is granted and the claim is dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered.
Let judgment be entered accordingly.